IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMANDA D. STEMMERICH )
) No. 15-468
v.

CAROLYN W. COLVIN

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for supplemental social security income, based on allegations of mental impairments. Plaintiff's claim was denied initially and upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied her request for review, and this appeal followed. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

1

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

**II. THE PARTIES' MOTIONS**

Plaintiff contends that the ALJ erred in finding that she has only moderate limitations in functioning, and in assigning some weight to Plaintiff's treating provider and an examining consultant. In particular, Plaintiff asserts that the opinion of her treating physician, Dr. McGorrian, should have been afforded controlling weight. Dr. McGorrian opined that Plaintiff had marked limitations in her ability to respond to work pressures in a usual work setting. Dr. McGorrian noted all other potential listed limitations as moderate, slight, or absent. Relatedly, Plaintiff also challenges the ALJ's hypothetical question to the vocational expert, as it pertained to low-stress work. She argues that the low-stress limitation is not found in or supported by medical opinion. An RFC that includes a low stress environment, however, accommodates a marked limitation in responding to work pressures. See, e.g., Menuto v. Astrue, 2012 U.S. Dist.

LEXIS 92948, at **23-24 (W.D. Pa. June 13, 2012); Adams v. Comm'r of Soc. Sec., 2015 U.S. Dist. LEXIS 131585 (W.D. Pa. Sept. 29, 2015). Here, Plaintiff's treating provider noted that she was markedly limited in responding to work pressures. Asking the VE a question that included the limitation of a low stress environment was appropriate.

## CONCLUSION

In sum, I find that the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

## ORDER

AND NOW, this 4th day of February, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court